**PUBLISH**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 13-cv-03315-REB

LARRY D. BIRKLE,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

---

## ORDER AFFIRMING COMMISSIONER

---

**Blackburn, J.**

        The matter before me is plaintiff's **Complaint** [#1],[1] filed December 10, 2013,

seeking review of the Commissioner's decision denying plaintiff's claims for disability

insurance benefits and supplemental security income benefits under Titles II and XVI of

the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the

Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully

briefed, obviating the need for oral argument.  I affirm.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff alleges that he is disabled as a result of Leriche's syndrome,[2]

---

        [1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

        [2]  "Leriche's syndrome is the term used for a group of symptoms that are caused by a certain type of peripheral arterial disease of the legs. In Leriche's syndrome, blood flow in the aorta camera.gif is blocked in the stomach area. This blocks blood flow to the legs."  WebMD, *Leriche's Syndrome, Topic Overview* (available at http://www.webmd.com/a-to-z-guides/leriches-syndrome-topic-overview) (last

degenerative joint disease of the hips and lumbar spine, and depression.  After his

applications for disability insurance benefits and supplemental security income benefits

were denied, plaintiff requested a hearing before an administrative law judge.  This

hearing was held on April 23, 2012.  At the time of the hearing, plaintiff was 64 years

old.  He has a high school equivalency diploma and past relevant work experience as a

demonstrator and telemarketer.  He has not engaged in substantial gainful activity since

November 7, 2008, his amended alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to

disability insurance benefits or supplemental security income benefits.  Although the

medical evidence established that plaintiff suffered from severe impairments, the judge

concluded that the severity of those impairments did not meet or equal any impairment

listed in the social security regulations.  Plaintiff's depression was determined to be non-

severe.  The ALJ found that plaintiff had the residual functional capacity to perform a

range of light work with certain postural and environmental restrictions.  Based on these

findings, the ALJ concluded that plaintiff was capable of performing his past relevant

work as a telemarketer.  He therefore found plaintiff not disabled at step 4 of the

sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The

Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his

physical and/or mental impairments preclude him from performing both his previous

---

accessed March 10, 2015).  Symptoms include weakness or numbness in the legs and pain in the thighs, hips, and buttocks ("intermittent claudication").  *Id.*

work and any other "substantial gainful work which exists in the national economy."  42

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d

335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation

process for determining whether a claimant is disabled:

> 1.  The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2.  The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3.  The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5.  If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of

the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).[3]  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52

(10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first

four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287,

2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show

that the claimant is capable of performing work in the national economy.  ***Id.***  A finding

that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human***

***Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining

whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human***

***Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194,

1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires

more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v.***

***Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of

---

[3]  Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, parallel regulations relating to supplemental security income benefits can be found at Part 416 of that same title.

substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner. ***Id.***

## III.  LEGAL ANALYSIS

Plaintiff alleges that the ALJ erred in concluding that his depression did not

constitute a severe impairment, in assessing his residual functional capacity, and in

failing to develop the record regarding the requirements of plaintiff's past relevant work

prior to determining that he still could perform that work.  Finding no reversible error, I

affirm.

Plaintiff claims first that the ALJ erred in finding, at step 2 of the sequential

evaluation, that his depression was not a severe impairment because it did not cause

more than minimal limitations in plaintiff's ability to perform the basic mental activities of

work.  (Tr. 25.)  ***See*** 20 C.F.R. § 404.1521(a) ("An impairment or combination of

impairments is not severe if it does not significantly limit your physical or mental ability

to do basic work activities.").  Although the threshold for showing severity is *de minimis*,

the mere existence of a medically determinable impairment *per se* is insufficient to meet

it.  ***Hinkle v. Apfel***, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff has shown no more

than that here.

As the ALJ noted, plaintiff never received any type of mental health treatment or

counseling; nor has any treating source ever indicated that he experiences any type of

psychologically significant symptoms.  (Tr. 25.)  The consultative examiner who

examined plaintiff at the request of the agency, although diagnosing plaintiff with a

depressive disorder, noted that "if this individual is to be given Social Security Disability,

it needs to be based on his physical problems." (Tr. 406.)[4]  Moreover, any potential

error in the failure to denominate depression as a severe impairment was rendered

harmless when the ALJ found other impairments to be severe and proceeded to

subsequent steps of the sequential analysis.  *See Dray v. Astrue*, 353 Fed. Appx. 147,

149 (10th Cir. Nov. 17, 2009).[5]

Plaintiff complains of various alleged errors in the determination of his residual

functional capacity.  Ultimately, none warrants remand.

Plaintiff first faults the ALJ for his reliance on the opinion of the non-examining

state agency physician, Dr. Kimberlee Terry, who reviewed the medical evidence of

record and concluded that plaintiff could sit up to six hours in an eight-hour day, stand

and walk up to two hours a day, and lift up to 20 pounds occasionally and 10 pounds

frequently.  She also suggested certain other postural and environmental limitations.

(Tr. 82-84.)  The ALJ assigned Dr. Terry's opinion "great weight" (Tr. 30), and indeed,

her suggested restrictions were incorporated fully into his residual functional capacity

assessment (Tr. 26-27).

In challenging the ALJ's reliance on this opinion, plaintiff notes that Dr. Terry

---

[4]  The non-examining state agency psychologist also stated that plaintiff's mental impairment was not severe.  (Tr. 68.)

[5]  At step two, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment.  *See Dray*, 353 Fed. Appx. 147, 149 (10th Cir. Nov. 17, 2009).  "Thus, step two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'"  *Id.* (quoting *Bowen v. Yuckert*, 482 U.S. 137, 156, 107 S.Ct. 2287, 2298, 96 L.Ed.2d 119 (1987) (O'Connor, J., concurring)).  Because the conclusion that a claimant has at least one severe impairment requires the ALJ to proceed to the next step of the sequential evaluation, "the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe."  *Id.*

never examined plaintiff.[6]  This observation is accurate, but standing alone, irrelevant.

"State agency medical and psychological consultants are highly qualified physicians and

psychologists who are experts in the evaluation of the medical issues in disability claims

under the Act."  **Social Security Ruling** 96-6p, 1996 WL 374180 at \*2 (SSA July 2,

1996).  Although their opinions generally are entitled to less weight than those of

treating and examining sources, "[i]n appropriate circumstances, opinions from State

agency medical and psychological consultants and other program physicians and

psychologists may be entitled to greater weight than the opinions of treating or

examining sources."  *Id.* at \*3.

Moreover, Dr. Terry's opinion was largely consistent with the opinions of both the

consultative examiner and plaintiff's own treating doctor.  (*See* Tr. 397-401, 596-597)[7]

The ALJ examined each of these opinions and assigned them each weight based on

their consistency with the medical and other evidence of record, including plaintiff's own

testimony.  (Tr. 29-30.)  It is the ALJ's responsibility to resolve conflicts in the evidence,

and he appropriately discharged that duty in assessing the various medical opinions of

record here.[8]  *See Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988).

---

[6]  Plaintiff further notes that Dr. Terry issued her opinion prior to the diagnosis of Leriche's syndrome.  He does not explain, however, how this fact is of any consequence.  Dr. Terry had available evidence of plaintiff's various medical complaints, and the fact that they had not yet coalesced into a firm diagnosis at the time she reviewed the record presents no obvious barrier to her assessment of the limiting effects thereof.

[7]  Although the ALJ gave slightly less weight to the consultative examiner's opinion, he did so only insofar as he found that the evidence supported a *more* restrictive residual functional capacity than that suggested by the examiner.  (*See* Tr. 30.)

[8]  Plaintiff further faults the ALJ for failing to address all the factors listed in the regulations going to the weight to be assigned to medical source opinions.  *See* 20 C.F.R. § 404.1527(c).  Contrary to plaintiff's argument, the law requires that the ALJ consider these factors, not that he recite them as a litany.  *See Mestas v. Astrue*, 2010 WL 3604395 at \*3 (D. Colo. Sept. 7, 2010). Moreover, plaintiff fails to

Plaintiff argues next that the ALJ failed to consider the combined effect of all his

impairments, severe and non-severe, in assessing his residual functional capacity.  **See**

**Social Security Ruling 85-28**, 1985 WL 56856 at *1-2 (SSA 1985).  The record belies

this assertion.  The ALJ not only discussed the psychological consultative examiner's

opinion that plaintiff would have no more than mild difficulties interacting with the public,

colleagues, and supervisors (Tr. 25), but also noted plaintiff's own statements that he

could pay attention to and follow instructions, get along with authority figures, and

handle changes in routine and stress (Tr. 27, 247-248).  Moreover, simply because the

ALJ found that plaintiff had mild restrictions in the four "paragraph B" criteria assessed

at step 2 of the sequential evaluation, he was not obligated to include a similar limitation

in his residual functional capacity determination.  **See Beasley v. Colvin**, 520 Fed.

Appx. 748, 754 (10th Cir. April 10, 2013).  I thus perceive no reversible error in the ALJ's

implicit determination that plaintiff could perform the mental demands of his past

relevant work.  **See id.**

Nor did the ALJ err in determining plaintiff's residual functional capacity by

discrediting his subjective complaints of pain and functional limitations.  Although

plaintiff argues that the ALJ did not apply the analysis required by **Luna v. Bowen**, 834

F.2d 163-64 (10th Cir. 1987), in the narrative portion of his residual functional capacity

analysis,[9] a review of the ALJ's opinion actually belies this argument.  The ALJ not only

---

specify how this omission was material to the ultimate disability determination.  **See Williams v. Chater**,
1995 WL 490280 at *2 (10th Cir. Aug.16, 1995).

[9] In **Luna**, the Tenth Circuit outlined a tripartite test for evaluating subjective complaints of pain:

We must consider (1) whether Claimant established a pain-producing
impairment by objective medical evidence; (2) if so, whether there is a

specifically cited to the applicable standards (*see* Tr. 27), but also noted that he had

considered plaintiff's allegations in light of a number of the credibility factors

contemplated by the regulations (*see* Tr. 28).  The ALJ gave clear, specific, legitimate

reasons linked to specific evidence in the record for his credibility assessment.  His

findings in this regard find support in the record, and his determination therefore is

entitled to substantial deference.  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001)

("[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should

not be upset if supported by substantial evidence.").  *See also Qualls v. Apfel*, 206

F.3d 1368, 1372 (10th Cir. 2000).  Accordingly, I find no reversible error on this basis

either.

Finally, plaintiff maintains that the ALJ erred at step 4 by finding that plaintiff

could perform his past relevant work without adequately developing the record

regarding the requirements of that work.  *See* **Social Security Ruling 82-62**, 1982 WL

31386 at *3 (SSA 1982); *Henrie v. United States Department of Health & Human*

*Services*, 13 F.3d 359, 361 (10th Cir. 1993).  In this regard, plaintiff notes that although

the telemarketer job as he performed it required him to sit eight hours a day, the ALJ

determined that he had the residual functional capacity to sit for up to six hours a day.

Although the ALJ mistakenly stated that the vocational expert's testimony that

plaintiff could perform the telemarketer job was based on the work as plaintiff performed

it (Tr. 31), in fact the vocational expert testified to the description of the job as set forth

---

"loose nexus" between the proven impairment and the Claimant's
subjective allegations of pain; and (3) if so, whether, considering all the
evidence, both objective and subjective, Claimant's pain is in fact
disabling.

*Musgrave*, 966 F.2d at 1375-76 (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).

in the *Dictionary of Occupational Titles* (Tr. 56).  The *Dictionary of Occupational Titles* describes jobs as they are generally performed in the national economy, not as any particular individual may have performed them in a specific instance.  **See** 20 C.F.R. § 404.1566(d)(1); **Bowman v. Astrue**, 511 F.3d 1270, 1273 n.1 (10th Cir. 2008).  Yet a determination that a claimant can perform the requirements of his past relevant work under either of these rubrics is sufficient to substantiate the Commissioner's burden at step 5.  **See Social Security Ruling 82-61**, 1982 WL 31387 at *1 (SSA 1982); **Andrade v. Secretary of Health & Human Services**, 985 F.2d 1045, 1050-51 (10th Cir. 1993).

The vocational expert here testified that a person limited to sitting six hours a day could perform the telemarketer job.  (Tr. 57.)  There was no need to further develop the record because the evidence was sufficient to permit a determination as to the demands of plaintiff's past relevant work.  **See Lohse v. Shalala**, 1994 WL 263699 at *3 (10th Cir. June 16, 1994) (duty to further develop record arises only "[i]f the vocational and disability reports the claimant submits are not sufficient to match the claimant's past relevant work with a job description in the *Dictionary of Occupational Titles*").  Thus, any error in citing the correct basis for the step 5 determination was undoubtedly harmless.[10] **See Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988) (mere fact of error does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence).

---

[10]  Even if the ALJ had relied on plaintiff's description of the job as he actually performed it, there was no reversible error.  Although plaintiff suggested in his work history report that he sat for eight hours a day at this job, he also stated that he spent two hours walking and one hour standing.  (Tr. 237.)  Plaintiff confirmed at the hearing that he only worked an eight-hour day.  (Tr. 44.)

## IV.  ORDERS

For these reasons, I find no reversible error in the ALJ's disability determination,

which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through

the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 12, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

11